UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ELENA B. CANTU, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-95 |
| | § | |
| **BAY AREA HEALTHCARE GROUP** | § | |
| **LTD., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

The above-captioned case was removed to this Court on August 31, 2005, from the 347th Judicial District of Nueces County, Texas. The removing party, Bay Area Healthcare Group, Ltd., is the only remaining defendant. Bay Area's Notice of Removal was based on 28 U.S.C. § 1441(b), which authorizes the removal of cases without regard to the citizenship of the parties if the federal court to which the case is removed is authorized to exercise original jurisdiction "founded on a claim or right arising under the ... laws of the United States." 28 U.S.C. § 1441(b).

Bay Area's allegation of federal "arising under" jurisdiction is based on Plaintiffs' answers to written discovery. Bay Area argues that Plaintiffs, in their discovery responses, described their negligence claims as based, at least in part, on a conspiracy by Bay Area to violate various federal civil and criminal statutes regarding or applicable to government reimbursements to Bay Area for medical services provided under Medicare, Medicaid, and other federal healthcare programs. Though not entirely clear from the live state petition, it appears that Plaintiffs have alleged that violations of federal law contributed to and were a partial cause of the negligence that led to their decedent's death.

Plaintiffs did not file a motion to remand. However, Plaintiffs did contest this Court's jurisdiction in the proposed Joint Pretrial Order (Dkt. # 24) filed by the parties on July 24, 2006.

This Court is duty-bound to refrain from exercising its judicial power in cases over which the Congress has not granted it jurisdiction, whether the issue is raised by the parties or not. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district lacks subject matter jurisdiction, the case shall be remanded."); *see also* McDonal v. Abbott Laboratories, 408 F.3d 177, 185 n.5 (5th Cir. 2005) (holding that "any federal court may raise subject matter jurisdiction sua sponte") (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Accordingly, this Court has serious concerns regarding whether it has subject matter jurisdiction over this case under 28 U.S.C. § 1331. Specifically, the Court questions whether the Plaintiffs' mere reference to alleged violations of federal law by Bay Area is sufficient to transform what otherwise appears to be a state law negligence case between non-diverse parties into one that "arises under ... the laws of the United States."

The parties are hereby instructed to brief the Court on the issue of jurisdiction not more than twenty days from the date of this Order. In the meantime, all dates and deadlines in the case, including the upcoming trial date, are stayed pending the Court's decision on jurisdiction. If the Court decides to retain jurisdiction, a new scheduling order for unexpired events on the scheduling order will be issued.

It is so **ORDERED**.

Signed this 27th day of July, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE